UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. BOLIN,<br><br>             Plaintiff,<br><br>     v.<br><br>HEATHER E. WILLIAMS, et al.,<br><br>             Defendants. | No. 2:23-cv-00582-EFB (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis ("IFP"). *See* 28 U.S.C. § 1915(a). For the reasons stated below, the court finds that plaintiff has not demonstrated he is eligible to proceed in forma pauperis.

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A review of court records reveals that it was determined in *Bolin v. Newcomb*, No. 3:20-cv-09402-CRB (N.D. Cal. Feb. 19, 2021), that plaintiff has "struck out" under 28 U.S.C. § 1915(g).

1

The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). Here, the complaint does not allege that plaintiff faced an imminent danger of serious physical injury at the time plaintiff filed the complaint. *See* ECF No. 1 (challenging various aspects of his post-conviction criminal proceedings and alleging that he is "now subject to execution"). The court notes that plaintiff previously filed a similar complaint in the United States District Court for the Northern District of California. *See Bolin v. Dwyer*, No. 2:23-cv-00550-CRB (N.D. Cal. Jan. 30, 2023). That court rejected plaintiff's argument that execution pursuant to a state court judgment because of the mishandling of his appeal qualified him for the imminent danger exception. *See Bolin v. Dwyer*, No. 2:23-cv-00550-CRB (N.D. Cal. Mar. 15, 2023) ("Petitioner does not qualify for the § 1915(g) imminent danger exception because the 'imminent danger of serious physical injury' he alleges . . . is neither 'fairly traceable to unlawful conduct alleged in his complaint' nor 'redressable by [this] court.'"). Plaintiff's application for leave to proceed in forma pauperis must therefore be denied pursuant to § 1915(g). Plaintiff must submit the appropriate filing fee in order to proceed with this action.

Accordingly, it is ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

Further, because plaintiff has not paid the filing fee and is not eligible to proceed in forma pauperis, it is RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied; and

2. Plaintiff be ordered to pay the $402 filing fee within fourteen days from the date of any order adopting these findings and recommendations and be warned that failure to do so will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

2

1  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
2  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
3  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 25, 2023.

                               EDMUND F. BRENNAN
                               UNITED STATES MAGISTRATE JUDGE